**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prentice R. Thomas, | No. CV-20-01242-PHX-MTL (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Paul Penzone, et al., | |
| Defendants. | |

Plaintiff, who is *pro se*, initiated this action in June 2020. (Doc. 1.) In November 2020, the Court issued a screening order directing Plaintiff to complete and return a service packet for Defendant Despian by December 11, 2020. (Doc. 8.) A copy of the screening order and a service packet was mailed to Plaintiff and returned as undeliverable, with the reason for return stating: "No Longer in Custody." (Doc. 9.)

Plaintiff has the general duty to prosecute his case. *Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is Plaintiff's responsibility to keep the Court apprised of his current address and to comply with Court orders in a timely fashion. *See* LRCiv 83.3 (providing that an unrepresented party who is incarcerated "must file a notice of . . . address change . . . within seven (7) days after the effective date of the change"). Plaintiff has not notified the Court of a current mailing address nor has he otherwise participated in this action since his release from custody.

District courts have the inherent power to dismiss cases *sua sponte* for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962). In appropriate

circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633. In determining whether a plaintiff's failure to prosecute warrants dismissal, the Court weighs the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first and second factors favor dismissal. Plaintiff's failure to keep the Court informed of a viable mailing address prevents this case from proceeding, and neither the public's interest in expeditious resolution of litigation nor the Court's need to manage its docket are served by allowing this case to continue. As to the third factor, dismissal of this action for failure to prosecute will not prejudice Defendant. The fourth factor, the public policy favoring disposition of cases on their merits, as always, weighs against dismissal. *See Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). Finally, the fifth factor requires the Court to consider whether a less drastic alternative is available. The Court warned Plaintiff that failure to file a notice of change of address and failure to timely complete service could result in the dismissal of his suit. And, without a reliable address for Plaintiff, an order to show cause why this action should not be dismissed for failure to serve Defendant Despian or for failure to prosecute would be futile. *See Carey*, 856 F.2d at 1441 (concluding "[a]n order to show cause why dismissal is not warranted" was not an available alternative because such order "would only find itself taking a round trip tour through the United States mail"). Thus, the Court finds that only one less drastic sanction is realistically available. Dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." Fed. R. Civ. P. 41(b). In this case, dismissal with prejudice would be unnecessarily harsh. The Court will therefore dismiss this action without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that this action is **dismissed without prejudice** for failure to prosecute pursuant to Rule 41(b). The Clerk of the Court shall enter judgment accordingly.

Dated this 5th day of April, 2021.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge